**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIDIEL DURRUTHY VILLA,

Petitioner,

v.

Case No. 1:26-cv-02294-MIS-JFR

WARDEN, Torrance County Detention Facility; MARY DE ANDA-YBARRA; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; U.S. ATTORNEY GENERAL; and MARKWAYNE MULLIN,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Didiel Durruthy Villa's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 15, 2026. The federal Respondents filed a Response on July 30, 2026 ("Response").[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Cuba who entered the United States near San Luis, Arizona, on October 23, 2021, without admission or parole. See Pet., Ex. A, ECF No. 1. at 15; Notice to Appear at 1, ECF No. 7-1. He was placed in removal proceedings under Section 240 of the Immigration and Nationality Act, issued a Notice to Appear, ECF No. 7-1, and released on an Order of Release on Recognizance, Pet., Ex. D, ECF No. 1 at 20.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

In May 2025, the U.S. Department of Homeland Security arrested Petitioner in Texas and ordered him detained. Warrant for Arrest of Alien, ECF No. 7-2; Notice of Custody Determination, ECF No. 7-3. It appears that he has been in immigration detention ever since. He is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Pet. at 1.

On January 5, 2026, Petitioner received a custody redetermination hearing. See Order of the Immigration Judge, ECF No. 7-4. The Immigration Judge denied Petitioner bond because "[t]he Court lacks jurisdiction to set a bond. See Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025)." Id. at 1.

On January 20, 2026, an Immigration Judge ordered Petitioner removed to Ecuador ("Removal Order"). ECF No. 7-5 at 3. Petitioner's appeal of the Removal Order is currently pending before the Board of Immigration Appeals ("BIA"). See ECF No. 1 at 24-25.

On July 15, 2026, Petitioner filed the instant Petition, ECF No. 1, to which Respondents filed a Response, ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his excessively prolonged detention—now exceeding fourteen months—is a violation of his Fifth Amendment due process rights. Pet. at 6. He seeks immediate release. Id. at 7.

Respondents argue that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but "acknowledge that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, [180 F.4th 1226 (10th Cir. 2026)], and that its recent ruling is binding on this Court." Resp. at 2. Respondents further concede that "[t]he facts here are not materially distinguishable from those in Santillan Quiroz for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. "Respondents do not object to an order requiring a bond hearing, Respondents do object to Petitioner's request for immediate release." Id. at 3.

The Court finds that Petitioner is entitled to habeas relief for two reasons. First, Petitioner's detention is illegal because he has not received a constitutionally-adequate bond hearing. Santillan Quiroz, 180 F.4th at 1237. Although Petitioner received a custody redetermination hearing, the Immigration Judge concluded that he lacked jurisdiction to grant bond under the BIA's decision in Matter of Yajure Hurtado. See Order of the Immigration Judge at 1, ECF No. 7-4. In Hurtado, the BIA held that "Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission." 29 I. & N. Dec. 216, 225 (BIA 2025). It reasoned that all noncitizens who entered the United States without inspection or admission are subject to mandatory detention under 8 U.S.C. § 1225(b). See id. at 224. In Santillan Quiroz, the

Tenth Circuit rejected Hurtado, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case: Petitioner entered the United States on October 23, 2021 near San Luis, Arizona, and was arrested more than three years later in Texas. Notice to Appear at 1; Warrant for Arrest of Alien, ECF No. 7-2; Notice of Custody Determination, ECF No. 7-3. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without an adequate bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. Santillan Quiroz, 180 F.4th at 1237, 1250.

Second, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over fourteen months, with no reasonably foreseeable end in sight,[2] is excessive in

---

[2] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an

---

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.”).

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Didiel Durruthy Villa from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner’s seized belongings to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE